SARAH E. DALY *v.* W. C. WILLIS *et al.*

HOMESTEAD. *Dower. Right of, how conveyed.* A conveyance of land to a trustee, to secure a debt of the husband, made by the husband and wife, with the privy examination of the wife, whereby they "do bargain, sell and convey" to the trustee in fee the land, describing it, will pass both the homestead and dower estates of the wife in the land.

### FROM GREENE.

Appeal from the Chancery Court at Greeneville. H. C. SMITH, Ch.

J. C. HODGES and A. B. WILSON for complainant.

ROBINSON & MALONEY and R. M. McKEE for defendants.

COOPER, J., delivered the opinion of the court.

On the 25th of November, 1873, H. P. Daly and Sarah E. Daly, his wife, by deed duly executed and probated, the privy examination of the wife being taken in due form, conveyed the land in dispute to Walter C. Willis, his heirs and assigns, in trust, with power of sale, to secure a note executed by them at the same time, payable at one day to Mary A. Carson, for $980 borrowed money. At that time H. P. Daly was residing on the land with his wife and five children, and so continued to reside until his death on the 19th of July, 1877. The trustee having advertised the land for sale to satisfy the secured debt,

this bill was filed by Sarah E. Daly, claiming dower and homestead in the land. The chancellor dismissed the bill, and she appealed.

The operative words of the deed are: "We, H. P. Daly and Sarah E. Daly, his wife, . . do hereby bargain, sell and convey unto the said Walter C. Willis, his heirs and assigns, certain tracts or parcels of land," describing them. The deed contains the usual covenants of warranty, seizin, right to convey, and against encumbrances. It is conceded that the title to this land at the date of the execution of the trust deed was in H. P. Daly, the husband, although the deed itself contains this language: "These lots being purchased by us at chancery sale of E. Davis, deceased." If these words were sufficient to raise a trust in favor of the wife, the husband and wife might be clothed with an equitable fee which they could convey, and the surviving wife would, under the rule of entireties, take the whole estate, subject to the trust. In that view, no question of dower could arise. No such point has been made in argument, and the land has been treated as the land of the husband. And the counsel for the complainant has rested his client's case upon the position that, in order to deprive her of homestead and dower, there must be "apt words" in the deed either expressly conveying, or waiving the right to these respective interests.

By the statute creating the homestead estate it is provided: "That said real estate shall not be alienated without the joint consent of the husband and wife, where that relation exists, to be evidenced by

conveyance duly executed as required by law for mar-
ried women." Code, sec. 2114*a*. This court has held
that to pass an estate in lands, the grantor must be
a party to the efficient and operative parts of the in-
strument of conveyance, and, consequently, that a mort-
gage of land, purporting on its face to be by the
husband alone, will not bind the wife who merely
signs it, although probated in proper form, and, con-
sequently, will not deprive her of the homestead right
in such land. *Berrigan* v. *Fleming*, 2 Lea, 271. But
the court has also held, if the husband and wife join.
in a deed conveying land in trust to secure a debt
of the husband, the privy examination of the wife-
being taken in due form, that the homestead right
will pass, although the homestead right be not named
by "apt words," or otherwise. *Lever* v. *Bessenger*,.
Com. Rep. of 25th Oct., 1876; 3 Leg. Rep., 105;.
*Crook* v. *Lunsford*, 2 Lea, 238. Upon this subject
the authorities of other States are conflicting, and we.
are content to abide by the rulings cited.

By the Code, sec. 2398, a widow is entitled to.
dower in one-third part of all the lands of which her
husband dies seized and possessed, or of which he was.
equitable owner. And, by sec. 2399, to dower in
lands mortgaged, or conveyed in trust to pay debts,.
when the husband dies before foreclosure of the mort-
gage, or sale under the deed. Under the statute,
brought into the Code in the first of these sections,
it has always been held that the right to dower stands,.
in reference to all lands of which she was dowable,
precisely as it did previous to the act, that is, the.

widow is a purchaser for valuable consideration, and her right relates to the marriage, and vests at the same time the husband acquires title.    *Combs* v. *Young*, 4 Yer., 217; *Rutherford* v. *Read*, 6 Hum., 423; *Boyer* v. *Boyer*, 1 Col., 12.    It follows necessarily that, as the widow had the right at common law to convey or release her right of dower, she may equally convey or release the right as it exists under our statutes.    *Atwater* v. *Butler*, 2 Leg. Rep., 66.    The question still remains, whether the right or estate will pass under a general conveyance of the land, or requires "apt words," signifying a release of dower, to divest it.

If the solution of the question depends entirely on principle, no reason occurs why a dower right or estate should not be disposed of as any other interest in realty.    This court, as we have seen, has held that a homestead interest, secured by the Constitution as well as by statute, may pass or be released by general words.    It would be a curious anomaly if the rule should be held otherwise as to dower.    The symmetry of the system of conveyancing requires the adoption of general rules applicable to the disposition of all kinds of property.    Exception to such rules, unless founded upon some peculiarity in the subject-matter of disposition or clearly demanded by public policy, tends to lay traps for the unwary.

Our system of conveyancing, including the conveyances by married women, dates back to the North Carolina act of 1715, ch. 28.    By the 15th section of that act, deeds of husband and wife, proved as therein prescribed, were made "good and effectual against the

husband and wife, and all persons claiming under them." The Code, sec. 2076, says such instruments "shall bind them, their heirs and assigns." The forms of conveyance by husband and wife previous to the Code were general. By the Code, sec. 2013, the following form is made sufficient, without further circumlocution: "I hereby convey to A. B. the following tract of land." By sec. 2006: "The term heirs, or other words of inheritance, shall not be requisite to create or convey an estate in fee; and every grant or devise of real estate, or any interest therein, shall pass all estate or interest of the grantor or devisor, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of the instrument." These provisions disclose a clear legislative intent to reduce the forms of conveyance to their simplest elements, and to give the largest meaning to granting words, unless limited by the instrument itself.

In this case the complainant, in conjunction with her husband, and in strict conformity with the statutory provision on the subject, does expressly "bargain, sell and convey" the land in controversy. There are no limiting words, and she thereby conveyed "all estate or interest" she had in said lands. The language admits of no other construction, even under the general rules of interpretation, and certainly under the statute. Dower cannot be conceded to her because the homestead is conveyed, any more than homestead can be conceded because dower is conveyed, although either, upon a well-known rule of exegesis, might be

excluded by the express conveyance or release of the other. *McKinlay* v. *Kuntz*, 2 Leg. Rep., 68. But general words leave no reasonable ground for exclusion, It was accordingly held, in *Davis* v. *Roberts*, 5 Hum., 112, that a release by a widow, in order to render herself competent as a witness, "of all interest I might or could have by the laws of distribution in the estate" of the husband, included her right of dower.

There is no error in the decree of the chancellor, and it must be affirmed, with costs.